# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S., <br><br> Plaintiff, <br><br> ALUMINUM ASSOCIATION TRADE ENFORCEMENT WORKING GROUP and ITS INDIVIDUAL MEMBERS, et al., <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Consol. Court No. 21-00616 |

## DEFENDANT'S MOTION FOR PARTIAL VOLUNTARY REMAND AND RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF

|  |  |
|---|---|
|  | BRIAN M. BOYNTON <br> Acting Assistant Attorney General |
|  | PATRICIA M. MCCARTHY <br> Director |
|  | REGINALD T. BLADES, JR. <br> Assistant Director |
| OF COUNSEL: <br><br> JonZachary Forbes <br> Staff Attorney <br> Office of the Chief Counsel for Trade Enforcement and Compliance <br> U.S. Department of Commerce <br> Washington, D.C. <br><br> November 27, 2023 | EMMA E. BOND <br> Trial Attorney <br> U.S. Department of Justice <br> Civil Division <br> P.O. Box 480, Ben Franklin Station <br> Washington, D.C. 20044 <br> Tel: (202) 305-2034 <br> Email: Emma.E.Bond@usdoj.gov <br><br> *Attorneys for Defendant* |

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .....................................................................................................................1

STATEMENT OF FACTS.........................................................................................................2

ARGUMENT.............................................................................................................................4

     I.    Legal Standard Governing Voluntary Remand............................................................4

     II.   Commerce's Reasons For Requesting A Partial Remand Are Substantial And Legitimate...................................................................................................................5

CONCLUSION..........................................................................................................................6

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Ad Hoc Shrimp Trade Action Committee v. United States*,
 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013)..............................................................4

*Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*,
 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013)..............................................................4

*Ellwood City Forge Co. v. United States*,
 No. 1:21-00077, 2023 WL 4703309, at *4 (Ct. Int'l Trade July 24, 2023) .........................4

*SeAH Steel Corp. v. United States*,
 704 F. Supp. 2d 1353, 1378 (Ct. Int'l Trade 2010)..............................................................4

*SKF USA Inc. v. United States*,
 254 F.3d 1022, 1029 (Fed. Cir. 2001) .................................................................................4

**ADMINISTRATIVE DECISIONS**

*Certain Aluminum Foil From the Republic of Turkey: Final Affirmative Determination of Sales at Less Than Fair Value,* 86 Fed. Reg. 52,880 (Dep't of Commerce Sept. 23, 2021) (Final Determination)......................................................................................................................3

Remand Redetermination, *Assan Aluminyum Sanayi ve Ticaret A.S. v. United States*, Consol. Court No. 21-00246, at 3 (May 31, 2023) ..............................................................................3

Memorandum from J. Maeder to A. Elouaradia, re: Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Common Alloy Aluminum Sheet from Turkey, 2020-2022 ....................................................................3

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S., <br><br> Plaintiff, <br><br> ALUMINUM ASSOCIATION TRADE ENFORCEMENT WORKING GROUP and ITS INDIVIDUAL MEMBERS, *et al.*, <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Consol. Court No. 21-00616 |

**DEFENDANT'S MOTION FOR PARTIAL VOLUNTARY REMAND AND RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF**

INTRODUCTION

Pursuant the Court's October 27, 2023 order, ECF No. 59, and Rule 7(b) of the Rules of this Court, defendant, the United States, respectfully submits this motion for partial remand and supplemental brief regarding the duty drawback adjustment used by the Department of Commerce (Commerce) in the final determination. In its supplemental brief, plaintiff, Assan Aluminyum Sanayi ve Ticaret A.S. (Assan) discusses several agency decisions in which Commerce applied the methodology proposed by Assan in this case—including a remand redetermination in the antidumping duty investigation of Common Alloy Aluminum Sheet from Turkey, dated May 31, 2023, and the issues and decision memorandum (IDM) accompanying the final results in the first administrative review of the antidumping duty order of Common Alloy

Aluminum Sheet from Turkey, dated November 3, 2023.  *See* Assan Supp. Br. at 10-12, ECF No. 64 (Nov. 8, 2023) (citing Redetermination Pursuant to Court Remand Order in *Assan Aluminyum Sanayi ve Ticaret A.S. v. United States*, Consol. Court No. 21-00246, at 3 (May 31, 2023); IDM for the *Final Results of the Administrative Review of the Antidumping Duty Order on Common Alloy Aluminum Sheet from Turkey; 2020-2022*, at 5-7 (Cmt. 1) (Nov. 3, 2023)).

Upon consideration of the arguments raised by Assan, we respectfully request that the Court grant our request for a partial remand to Commerce for further explanation and consideration of the ratio used for the duty drawback adjustment in this proceeding.  On November 22, 2023, Leah Scarpelli, counsel for Assan, consented to the relief requested in this motion.  On November 24, 2023, Joshua Morey, counsel for the defendant-intervenors, the Aluminum Association Trade Enforcement Working Group and its individual members, *et al.*, stated that "without having reviewed a copy of the motion, Defendant-Intervenors express no position on the motion."

## STATEMENT OF FACTS

This case involves challenges to Commerce's final determination in the less-than-fair-value investigation of certain aluminum foil from the Republic of Turkey.  *See Certain Aluminum Foil From the Republic of Turkey: Final Affirmative Determination of Sales at Less Than Fair Value*, 86 Fed. Reg. 52,880 (Dep't of Commerce Sept. 23, 2021) (Final Determination), Appx007669-007671, and accompanying IDM, Appx007617-007668.  On October 27, 2023, the Court held oral argument in this case and ordered the parties to provide supplemental briefing regarding "the duty drawback adjustment regarding the ratio used by Commerce."  Order, ECF No. 59 (Oct. 27, 2023).

On November 8, 2023, Assan filed its supplemental brief, arguing, among other things, that, in multiple recent agency decisions, Commerce had rejected the methodology used in this case to determine duty drawback adjustment. Assan Supp. Br. at 10-13, ECF No. 64 (Nov. 8, 2023). For example, Assan cited the May 31, 2023 remand redetermination in the antidumping duty investigation of Common Alloy Aluminum Sheet from Turkey, in which Commerce determined the duty drawback adjustment using as a denominator the "the total quantity of exports made under {the} closed {inward processing certificate} to calculate a per-unit duty drawback adjustment"—the same approach that Assan advocates in this case. *See id.* at 11 (quoting Remand Redetermination, *Assan Aluminyum Sanayi ve Ticaret A.S. v. United States*, Consol. Court No. 21-00246, at 3 (May 31, 2023)). Assan also cited Commerce's November 3, 2023 memorandum accompanying the final results of the first administrative review of the antidumping order on Common Alloy Aluminum Sheet from Turkey. Assan Supp. Br. at 12, ECF No. 64. In that proceeding, Commerce again determined that "Assan has properly reported its duty drawback adjustment by taking the entire amount of exemptions under the closed {inward processing certificates} and dividing by the total quantity of exports under the same {inward processing certificates}." Assan Supp. Br. at 12, ECF No. 64 (quoting IDM for the *Final Results of the Administrative Review of the Antidumping Duty Order on Common Alloy Aluminum Sheet from Turkey; 2020-2022* at 5-7 (Cmt. 1) (Nov. 3, 2023)).[1]

---

[1] Assan also submitted notices of supplemental authorities relating to the ratio used by Commerce in the duty drawback adjustment. *See* Notice of Supplemental Authorities, ECF No. 61 (Oct. 30, 2023); Second Notice of Supplemental Authorities, ECF No. 63 (Nov. 6, 2023). Among other examples of supplemental authority, Assan attached copies of the May 31, 2023 remand redetermination in *Assan Aluminyum Sanayi ve Ticaret A.S. v. United States*, Consol. No. 21-00246, *see* Att. 4, ECF No. 61 (Oct. 30, 2023), and the November 6, 2023 decision in *Common Alloy Aluminum Sheet from Turkey, Final Results of Antidumping Administrative Review; 2020-2022*, and the accompanying IDM, *see* Att. 2, ECF No. 63 (Nov. 6, 2023).

Both of these decisions discussed by Assan—the May 31, 2023 remand redetermination and the November 6, 2023 final results—post-date the final determination at issue in this case. Thus, Commerce has not yet had the opportunity to consider these decisions in the proceeding under review.

**ARGUMENT**

I.    Legal Standard Governing Voluntary Remand

Commerce may, without confessing error, ask the Court to remand a matter so that Commerce may reconsider its prior position. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). The United States Court of Appeals for the Federal Circuit has outlined multiple scenarios in which an agency may seek a remand, including (a) to reconsider its decision because of intervening events outside of the agency's control; (b) in the absence of an intervening event, the agency may request a remand, without confessing error, to reconsider its previous position; and (c) because it believes that its original decision was incorrect on the merits and it wishes to change the result. *Id.* at 1028. A voluntary remand to an agency is generally appropriate if the agency's concern is substantial and legitimate. *Id.* at 1029; *see also Ellwood City Forge Co. v. United States*, No. 1:21-00077, 2023 WL 4703309, at *4 (Ct. Int'l Trade July 24, 2023) (discussing the *SKF* standard for voluntary remand); *Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013); *SeAH Steel Corp. v. United States*, 704 F. Supp. 2d 1353, 1378 (Ct. Int'l Trade 2010).

"{C}oncerns are considered substantial and legitimate when (1) Commerce supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013).

Likewise, clarifying and correcting a potentially inaccurate determination is a compelling justification for voluntary remand.  *Id.*

II.     Commerce's Reasons For Requesting A Partial Remand Are Substantial And Legitimate

Commerce's reasons for seeking a partial remand are "substantial and legitimate." *See SKF*, 254 F.3d at 1029.  In the final determination at issue in this litigation, Commerce determined the duty drawback adjustment using a denominator that includes the total quantity of sales during the period of investigation in the U.S. sales data.  IDM at 28, Appx007644.  Assan argues that the denominator used to determine the duty drawback adjustment should include only those sales covered by the closed certificate.  Assan Supp. Br. at 7-8.  As Assan points out, in a recent remand redetermination issued in the investigation involving Common Alloy Aluminum Sheet from Turkey, Commerce calculated a duty drawback ratio using a denominator consisting of sales covered by the closed certificates.  *Id.* at 10-11.  Further, Commerce used the same methodology in the final results of the first administrative review of the antidumping duty order covering Common Alloy Aluminum Sheet from Turkey.  *Id.* at 12-13.  These decisions conflict with Commerce's methodology in this case, in which Commerce used a denominator consisting of all U.S. exports during the period of investigation.

We respectfully request that the case be remanded for Commerce to reconsider its previous position regarding the applied ratio in its duty drawback adjustment, without confessing error.  "Assan does not challenge Commerce's change to the numerator of its drawback calculation, which only includes duties exempted on imports made under the one certificate that Commerce considered to be 'closed' during the period of investigation." *See* Assan Supp. Br. at 6. Nonetheless, given the conflicting methodologies employed by Commerce since the publication of the final determination of this investigation, it is appropriate for the Court to grant

5

our request for a partial remand to provide Commerce the opportunity to reconsider its previous position regarding the applied ratio in its duty drawback adjustment, without confessing error. The need for finality is outweighed by the justification for partial remand. Granting this request for partial remand would permit Commerce to reconsider the issue in light of developments in practice, which we submit is a compelling justification. Finally, the scope of our request is limited to the issue raised and is therefore appropriate.

## **CONCLUSION**

For these reasons, we respectfully request that the Court partially remand the case to Commerce for the agency to further explain or to reconsider its duty drawback adjustment regarding the applied ratio. We continue to request that the Court sustain the challenged determination with respect to the other outstanding issues.

|  | Respectfully submitted, |
|---|---|
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. MCCARTHY<br>Director |
|  | /s/ Reginald T. Blades, Jr.<br>REGINALD T. BLADES, JR.<br>Assistant Director |
| OF COUNSEL:<br>JONZACHARY FORBES<br>U.S. Department of Commerce<br>Office of Chief Counsel<br>  for Trade Enforcement and Compliance<br>1401 Constitution Avenue, NW.<br>Washington, DC 20230-0001<br>Telephone: (240) 449-5906<br>Email: JonZachary.Forbes@trade.gov | /s/ Emma E. Bond<br>EMMA E. BOND<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480, Ben Franklin Station<br>Washington, DC 20044<br>Telephone: (202) 305-4436<br>Email: |
| November 27, 2023 | *Attorneys for Defendant* |

7

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this filing contains 1,505 words, excluding any table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

/s/ Emma E. Bond

November 27, 2023

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S., ) ) ) ) Plaintiff, ) ) ALUMINUM ASSOCIATION TRADE ) ENFORCEMENT WORKING GROUP and ) ITS INDIVIDUAL MEMBERS, et al., ) ) Consolidated Plaintiffs, ) ) v. ) ) UNITED STATES, ) ) Defendant. ) ) | Consol. Court No. 21-00616 |

**ORDER**

Upon consideration of defendant's motion for a partial voluntary remand and all other pertinent papers, it is hereby

ORDERED that defendant's motion for partial voluntary remand is GRANTED; and it is further

ORDERED that the Department of Commerce's final determination is otherwise sustained; and it is further

ORDERED that the Department of Commerce shall submit a remand redetermination within 90 days of this Order.

Dated: _____    _____
      New York, New York                                         Judge