NONCONFIDENTIAL

# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S.,            Plaintiff, <br><br> v. <br><br> UNITED STATES,            Defendant, <br><br> and <br><br> ALUMINUM ASSOCIATION TRADE ENFORCEMENT WORKING GROUP AND ITS INDIVIDUAL MEMBERS, ET AL., <br><br>            Defendant-Intervenors. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )      Consol. Court No. 21-00616 |

## CONSOLIDATED PLAINTIFFS' SUPPLEMENTAL BRIEF

JOHN M. HERRMANN
PAUL C. ROSENTHAL
JOSHUA R. MOREY
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, DC  20007
(202) 342-8400

Counsel to Consolidated Plaintiffs

December 11, 2023

NONCONFIDENTIAL

Table of Contents

Page

I.    ASSAN'S REAL DISPUTE WITH COMMERCE'S DUTY DRAWBACK METHODOLOGY CONCERNS THE AGENCY'S RELIANCE ON A COURT-APPROVED "CLOSURE" METHODOLOGY, WHICH ASSAN DOES NOT CHALLENGE IN THIS ACTION ................................................................................... 1

II.   ASSAN'S PROPOSED DRAWBACK METHODOLOGY IS CONTRARY TO LAW ................................................................. 5

      A.    Commerce's Duty Drawback Methodology Applied in the Common Alloy Aluminum Sheet Proceeding Is Being Challenged On Appeal ........................................................................ 5

      B.    Assan's Proposed Duty Drawback Methodology Is Contrary to the Statute's Plain Language ................................................ 6

III.  COMMERCE'S DUTY DRAWBACK CALCULATION IN THIS INVESTIGATION IS LAWFUL AND SHOULD BE AFFIRMED ................................. 9

      A.    Legal Standard .................................................................. 10

      B.    Commerce's Duty Drawback Adjustment Is Lawful and Does Not Require Additional Explanation .......................................... 11

IV.   CONCLUSION ................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### Cases

Ad Hoc Shrimp Trade Action Comm. v. United States,
 882 F. Supp. 2d 1377 (Ct. Int'l Trade 2013) ........................................................10

Nexteel Co., Ltd. et al v. United States,
 355 F. Supp. 3d 1336 (Ct. Int'l Trade 2019) ....................................................10, 11

Noksel Celik Boru Sanayi A.S. v. United States,
 2023 Ct. Intl. Trade LEXIS 126 (Ct. Int'l Trade Aug. 23, 2023) ............................4

Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States,
 412 F. Supp. 2d 1330 (Ct. Int'l Trade 2005) ........................................................10

SKF USA Inc. v. United States,
 254 F.3d 1022 (Fed. Cir. 2001)..............................................................................10

Tibbi Gazlar Istihsal Endustrisi A.S. v. United States,
 439 F. Supp. 3d 1342 (Ct. Int'l Trade 2020) ..........................................................4

Ulasim Sanayi, A.S. v. United States,
 2023 Ct. Intl. Trade LEXIS 127 (Ct. Int'l Trade Aug. 23, 2023) ............................4

Uttam Galva Steels Ltd. v. United States,
 997 F. 3d 1192 (Fed. Cir. 2021)..............................................................................1

### Statutes

19 U.S.C. § 1677a(c)....................................................................................7, 9, 11

19 U.S.C. § 1677a(c)(1)(B)...................................................................................7

### Administrative Determinations

Certain Aluminum Foil From the Republic of Armenia, Brazil, the Sultanate of
 Oman, the Russian Federation, and the Republic of Turkey: Antidumping
 Duty Orders, 86 Fed. Reg. 62,790 (Dep't Commerce Nov. 12, 2021) ....................6

Certain Aluminum Foil From the Republic of Turkey: Preliminary Results of
 Antidumping Duty Administrative Review; 2021–2022, 88 Fed. Reg. 85,237
 (Dep't Commerce Dec. 7, 2023)............................................................................13

NONCONFIDENTIAL

Issues and Decision Memorandum for the Final Results of the 2018-2019
   Administrative Review of the Antidumping Duty Order on Steel Concrete
   Reinforcing Bar from Turkey (May 21, 2021), ref'd in 86 Fed. Reg. 28,574
   (Dep't Commerce May 27, 2021)................................................................................3

Issues and Decision Memorandum for the Final Results of the Administrative
   Review of the Antidumping Duty Order on Steel Concrete Reinforcing Bar
   from Turkey; 2019-2020 (Feb. 2, 2022) ("Rebar Turkey I&D Memo"), ref'd
   in 87 Fed. Reg. 7,118 (Dep't Commerce Feb. 8, 2022)......................................3, 4

NONCONFIDENTIAL

This supplemental brief is filed on behalf of the Aluminum Association Trade Enforcement Working Group and its individual members, Gränges Americas Inc., JW Aluminum Company, and Novelis Corporation (collectively, "Consolidated Plaintiffs"), in response to this Court's Order dated October 27, 2023 (ECF No. 59), the Supplemental Brief of Assan Aluminyum Sanayi Ve Ticaret A.S. (ECF No. 64) (hereinafter "Assan's Supp. Br."), and Defendant's Motion for Partial Voluntary Remand and Response to Plaintiff's Supplemental Brief (ECF No. 67) (hereinafter "Def.'s Mot."). For the reasons discussed below, Consolidated Plaintiffs urge this Court to find the U.S. Department of Commerce's (the "Department") duty drawback adjustment is supported by substantial evidence and otherwise in accordance with law.

I. **ASSAN'S REAL DISPUTE WITH COMMERCE'S DUTY DRAWBACK METHODOLOGY CONCERNS THE AGENCY'S RELIANCE ON A COURT-APPROVED "CLOSURE" METHODOLOGY, WHICH ASSAN DOES NOT CHALLENGE IN THIS ACTION**

During oral argument before this Court on October 27, 2023, there was some discussion regarding whether the U.S. Department of Commerce's (hereinafter "Commerce") allocation of import duty liability forgiven by the Turkish government over Assan's U.S. sales was consistent with the methodology that Commerce employed prior to the agency's change in practice that was ultimately determined to be unlawful in Uttam Galva Steels Ltd. v. United States, 997 F. 3d 1192 (Fed. Cir. 2021). See Tr. at 8-9 (ECF No. 66).

Assan's counsel, Mr. Nolan, admitted that was indeed the case, stating:

> before we got into the whole fight about, you know, whether it should be against costs or to market sales stuff, *it is true that they use the denominator was the whole U.S. sales.*

Tr. at 52 (emphasis added).

Assan's counsel then revealed the fundamental issue motivating Assan's challenge of Commerce's duty drawback adjustment in the underlying administrative proceedings – Commerce's methodology relies on a court-approved practice for granting a drawback adjustment for only those inward processing certificates that are closed.  See Tr. at 52 ("But they didn't limit the adjustment to closed processing certificates.").  As Mr. Nolan explained:

> The second you limit {a respondent's drawback claims} to the closed {inward processing certificate} only, you get back to my colleague's problem, which is you created a mismatch between the numerator and the denominator.
>
> . . .
>
> Because prior to {Commerce} making the decision that only closed {inward processing certificates} are eligible for drawback, if you had stuff in the drawback system and you could show you applied for drawback, and you could show that you were generally getting accepted for drawback – {} -- you've got the whole universe's drawback.

Tr. at 53.

Assan's appeal, however, does not challenge Commerce's determination to require an inward processing certificate to be closed, perhaps because the U.S. Court of International Trade has consistently affirmed Commerce's practice of requiring closed inward processing certificates in making drawback adjustments.

Assan elaborated on this issue in its supplemental brief, in which Assan explained that:

> Unlike Commerce's previous changes to the definition of a "closed" certificate, this new evidentiary requirement significantly limits the numerator of Commerce's drawback calculation because many certificates used during the period of investigation, and under which duties are practically "rebated or forgiven," are now excluded due to often significant lags the receipt of approval from the Turkish government.

NONCONFIDENTIAL

Assan's Supp. Br. at 5.  Thus, Assan's real dispute is with the duty drawback numerator relied on by Commerce, but as Assan admits it "does not challenge Commerce's change to the numerator of its drawback calculation" in this action.  Id. at 6.

Commerce's practice in proceedings involving merchandise from Turkey is to grant a duty drawback adjustment only with respect to inward processing certificates that have closed. See, e.g., Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Steel Concrete Reinforcing Bar from Turkey; 2019-2020, at 18 (Feb. 2, 2022) ("Rebar Turkey I&D Memo"), ref'd in 87 Fed. Reg. 7,118 (Dep't Commerce Feb. 8, 2022) (final results) (partially denying respondents' claimed duty drawback adjustments because the respondents failed to "provide evidence demonstrating that one of the {inward processing certificates} pertaining to its duty drawback claim was closed by the {Government of Turkey}"); Issues and Decision Memorandum for the Final Results of the 2018-2019 Administrative Review of the Antidumping Duty Order on Steel Concrete Reinforcing Bar from Turkey, at 12, 16 (May 21, 2021), ref'd in 86 Fed. Reg. 28,574 (Dep't Commerce May 27, 2021) (final results) (partially granting one respondent's request for a duty drawback adjustment because the respondent "provided letters from the {Government of Turkey} to Kaptan Demir demonstrating that some of Kaptan Demir's {inward processing certificates} were closed by the {Government of Turkey}" and denying a second respondent's request for a duty drawback adjustment because the respondent had merely applied to close its inward processing certificates and not submitted evidence that the Government of Turkey had actually closed those certificates). Commerce applies this methodology based on its determination that "{a} paid duty or duty liability does not qualify as a drawn back duty until the refund occurs or the liability is

3

extinguished by the government" and, therefore, the second prong of Commerce's two-pronged test is not met until the inward processing certificate is closed.  Rebar Turkey I&D Memo at 18.

The U.S. Court of International Trade has affirmed Commerce's reliance on this practice. See Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S. v. United States, 439 F. Supp. 3d 1342, 1349 (Ct. Int'l Trade 2020) (finding that "Commerce reasonably predicates its inclusion of {inward processing certificates} on evidence of closure as demonstrating final duty exemption"). The U.S. Court of International Trade recently described Commerce's evolving practice with regard to defining closure of inward processing certificates.  See ICDAS Celik Enerji Tersane ve Ulasim Sanayi, A.S. v. United States, 2023 Ct. Intl. Trade LEXIS 127, at *14-17 (Ct. Int'l Trade Aug. 23, 2023); see also Noksel Celik Boru Sanayi A.S. v. United States, 2023 Ct. Intl. Trade LEXIS 126, at *9-14 (Ct. Int'l Trade Aug. 23, 2023).  As the Court explained "in recent years Commerce's practice has been to require some indication from the {Government of Turkey} that the {inward processing certificate}| was approved." Id., 2023 Ct. Intl. Trade LEXIS 127, at *17.

Thus, while Commerce's definition of a closed inward processing certificate has evolved, the current formulation of Commerce's practice has been sustained as reasonable by the U.S. Court of International Trade.  Knowing this, Assan has proposed a new duty drawback methodology that is inconsistent with the statute's plain language because "the amount" of the drawback adjustment urged by Assan is based on the volume of Assan's U.S. sales of the subject merchandise during the period of investigation, not "the amount" of duty liability forgiven by the Turkish government.  Assan's proposed drawback adjustment is an attempt to reverse Commerce's court-approved methodology that relies on "closed" inward processing certificates and, as discussed below in section II, Assan's proposed methodology is contrary to law.

## II.   ASSAN'S PROPOSED DRAWBACK METHODOLOGY IS CONTRARY TO LAW

### A.   Commerce's Duty Drawback Methodology Applied in the Common Alloy Aluminum Sheet Proceeding Is Being Challenged On Appeal

Assan correctly notes that Commerce has relied on a different methodology in the agency's redetermination pursuant to Court remand in the common alloy aluminum sheet from Turkey antidumping investigation ("CAAS from Turkey AD Inv.") and final results of the first administrative review conducted pursuant to the antidumping order ("CAAS from Turkey AD AR 1"). See Assan's Supp. Br. at 10-13. However, the Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group and its individual members, Aleris Rolled Products, Inc.; Arconic Corporation; Commonwealth Rolled Products Inc.; Constellium Rolled Products Ravenswood, LLC; JW Aluminum Company; Novelis Corporation; and Texarkana Aluminum, Inc., have challenged Commerce's redetermination pursuant to Court remand in an appeal involving Commerce's original investigation of the antidumping order on common alloy aluminum sheet from Turkey. See Consol. Pls.' Cmts. Remand Redetermination, Assan Aluminyum Sanayi ve Ticaret A.S. v. United States, Consol. CIT Appeal No. 21-00246 (ECF Nos. 100-101).[1] In addition, the Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group and its individual members, Arconic Corporation; Commonwealth Rolled Products Inc.; Constellium Rolled Products Ravenswood, LLC; JW Aluminum Company; Novelis Corporation; and Texarkana Aluminum, Inc. filed a summons on December 4, 2023, challenging Commerce's final results in the first administrative review of this proceeding. See

---

[1]   The Honorable Gary S. Katzmann has scheduled oral argument concerning this issue for January 24, 2024. See Paperless Order, Assan Aluminyum Sanayi ve Ticaret A.S. v. United States, Consol. CIT Appeal No. 21-00246 (ECF No. 110).

Summons, <u>Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group and its individual members et al v. United States</u>, CIT Appeal No. 23-00251, (ECF No. 1).  As undersigned counsel also represent the Plaintiffs in that action, counsel can confirm the sole issue being challenged is Commerce's duty drawback adjustment.  As discussed below, the methodology Assan urges here, and that Commerce applied in the common alloy aluminum sheet from Turkey antidumping proceeding, is unlawful.

**B.      Assan's Proposed Duty Drawback Methodology Is Contrary to the Statute's Plain Language**

Assan urges Commerce to calculate the duty drawback adjustment by dividing the total amount of duty liability forgiven by the Turkish government on its closed inward processing certificates by the exports "made as a commitment against the imports to close the {inward processing certificate}," regardless of whether the exports involve certain aluminum foil (<u>i.e.</u>, subject merchandise), or involve merchandise that is shipped to the United States.  <u>See</u> Appx81986, Appx82207-08.  Indeed, Inward Processing Certificate [      ] includes significant exports of non-subject [

]2

Appx82110-82133.3 Inward Processing Certificate [      ] also includes significant exports of merchandise to countries other than the United States, for example, [

---

2      Merchandise that is within the scope of the underlying less-than-fair-value investigation is aluminum foil that is classified under heading 7607 of the Harmonized Tariff Schedule of the United States.  <u>See</u> <u>Certain Aluminum Foil From the Republic of Armenia, Brazil, the Sultanate of Oman, the Russian Federation, and the Republic of Turkey: Antidumping Duty Orders</u>, 86 Fed. Reg. 62,790, 62,793 (Dep't Commerce Nov. 12, 2021) (scope definition).

3      These pages were not included in the joint appendix submitted to the Court on June 21, 2023.  As a result, Consolidated Plaintiffs are submitting the pages in **Attachment 1 hereto** for reference.

**NONCONFIDENTIAL**

**]** Id.  Moreover, Assan urges Commerce to assign a per unit adjustment to all U.S. sales of the subject merchandise to the United States during the period of investigation, regardless of whether such sales were made pursuant to a closed inward processing certificate.  Appx91288. The record, however demonstrates that not all of Assan's U.S. sales were exported pursuant to Assan's closed inward processing certificates.  Appx82915, Appx86045.

Assan's methodology is contrary to the statute's plain language, which requires Commerce to increase the export price (or constructed export price) by

> the amount of any import duties imposed by the country of exportation which have been rebated, or which have not been collected, by reason of the exportation of the subject merchandise to the United States.

19 U.S.C. § 1677a(c).  As this Court correctly recognized during oral argument, the statute identifies "*the amount* of any import duties imposed by the country of exportation . . . which have not been collected."  19 U.S.C. § 1677a(c) (emphasis added); Tr. at 13-14 ("I look at the statute, Section 1677(a)(c)(1)(B), and the keyword for me is amount . . . {a}nd so when I look at the word amount, and I look that up in Webster's second dictionary, it tells me that amount means the sum total. It means the aggregate, the whole effect, substance, value, significant, or result. In other words, the whole thing.").

Assan's methodology does not result in an adjustment based on the "the amount" of import duty liability forgiven by the Turkish government.  19 U.S.C. § 1677a(c)(1)(B).  Because the record demonstrates that not all of Assan's U.S. sales were exported pursuant to Assan's closed inward processing certificates (see Appx82915, Appx86045), Assan's proposal to assign the per unit adjustment to all U.S. sales inflates "the amount" of import duty liability forgiven by

the Turkish government – and is contrary to Commerce's court-approved practice of relying on only closed inward processing certificates.

For example, suppose the Turkish government closes one of Assan's inward processing certificates, resulting in an import duty liability of $1 million being forgiven. Suppose further that to close the inward processing certificate, Assan exported 100,000 metric tons of aluminum foil and other non-subject products to the United States and several other countries. Further, suppose that during the period of investigation Assan only sold 1,000 metric tons of aluminum foil to the United States, and only 10 metric tons of that aluminum foil was exported to the United States pursuant to the closed inward processing certificate (with the remaining 990 metric tons of aluminum foil shipments subject to inward processing certificates that remained opened at the time of Commerce's investigation). Based on Assan's methodology, the per unit duty drawback adjustment would be $10 per metric ton ($1 million divided by 100,000 metric tons) applied to all U.S. sales for a total adjustment of $10,000, despite the fact that Assan only sold 10 metric tons of aluminum foil to the United States pursuant to the closed inward processing certificate. Thus, in this scenario, despite only 10 metric tons of Assan's U.S. sales being exported pursuant to the closed inward processing certificate, and where "the amount" of import duty liability forgiven by the Turkish government on those 10 metric tons was only $100 (i.e., $10 per metric ton x 10 metric tons), Assan proposed methodology would nevertheless result in an adjustment equivalent to $10,000.

If instead Assan sold 200,000 metric tons of aluminum foil to the United States, but all other variables remain the same (i.e., the Turkish government forgave $1 million in duty liability based on Assan's exports to the United States and to other third countries of 100,000 metric tons of aluminum foil and other non-subject products, and only 10 metric tons out of Assan's 200,000

metric tons of U.S. sales of aluminum foil were made pursuant to the closed inward processing certificate), the adjustment would increase from $10,000 to $2,000,000.  In this scenario, Assan would receive a duty drawback adjustment for its U.S. sales in an amount that exceeds the duty liability forgiven by the Turkish government on *all* of its exports.   The two scenarios demonstrate that Assan's methodology is not based on "the amount" of duty liability forgiven by the Turkish government and, therefore, is contrary to the statute.

Moreover, Assan's methodology ignores other important statutory requirements.   As discussed above, Assan's inward processing certificates are not exclusive to subject merchandise sold to the United States.  The import duty liability is forgiven based on sales of non-subject merchandise <u>and</u> merchandise sold to countries other than the United States (irrespective of whether the shipment involves merchandise that is like subject merchandise or non-subject merchandise).  Appx82110-82133 (**Attachment 1 hereto**).   Assan's proposed methodology, however, is directly contrary to the statute, which defines "the amount" of import duty liability that has been forgiven by the Turkish government as "by reason of the exportation of the *subject merchandise* to *the United States*."   19 U.S.C. § 1677a(c) (emphasis added).   Thus, Assan's methodology, which incorporates duty liability forgiven by the Turkish government by reason of the exportation of non-subject merchandise to countries other than the United States, is contrary to the statute's plain language.

**III.   <u>COMMERCE'S   DUTY   DRAWBACK   CALCULATION   IN   THIS INVESTIGATION IS LAWFUL AND SHOULD BE AFFIRMED</u>**

Consolidated Plaintiffs also urge this Court to sustain Commerce's duty drawback calculation as lawful and to deny Defendant's request for a voluntary remand.  <u>See</u> <u>generally</u>

Def.'s Mot.  As discussed above, Commerce's duty drawback methodology is lawful and there is no need for additional explanation or clarification by the agency as part of a remand proceeding.

### A.  Legal Standard

"{W}hen an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position." SKF USA Inc. v. United States, 254 F.3d 1022, 1028 (Fed. Cir. 2001).  Further, when an agency requests a remand without confessing error, "the reviewing court has discretion over whether to remand." Id., 254 F.3d at 1029 (internal citations omitted).  A remand is "usually appropriate" if "the agency's concern is substantial and legitimate." Id.  The U.S. Court of International Trade has considered an agency's concerns to be substantial and legitimate when: (1) the agency provides a compelling justification for a remand; (2) the need for finality does not outweigh the justification; and (3) the scope of the remand request is appropriate.  See Ad Hoc Shrimp Trade Action Comm. v. United States, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013) (hereinafter, "Ad Hoc Shrimp"), referencing Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States, 412 F. Supp. 2d 1330, 1336-39 (Ct. Int'l Trade 2005).

Further, requests for a voluntary remand without confessing error have been denied where the Government's basis for making the request is "{v}ague and unsupported." Nexteel Co., Ltd. et al v. United States, 355 F. Supp. 3d 1336 (Ct. Int'l Trade 2019) (hereinafter, "Nexteel").  In Nexteel, the Court denied the Government's request for a voluntary remand in part because the Government did not confess error in its determination, but only sought the opportunity on remand to "further consider and address certain arguments." Nexteel, 355 F. Supp. 3d at 1348.  The Court noted that the Government's request was "vague, overly broad, and does not specify what arguments were 'not directly addressed' in Commerce's Final Results."

Id.  The Court characterized the Government's motion as, in effect, a request for a "do over," and as a consequence, denied the Government's motion.  Id.

**B.**    **Commerce's Duty Drawback Adjustment Is Lawful and Does Not Require Additional Explanation**

As Consolidated Plaintiffs argued in their response brief, Commerce's duty drawback adjustment in this proceeding is lawful.  See Consol. Pls.' Mem. Law Opp'n Pl.'s R. 56.2 Mot. J. Agency R. at 12-19, Aug. 5, 2022 (ECF No. 38) (hereinafter "Consol. Pls.' Resp. Br.").  The statute directs Commerce to increase the export price (or the constructed export price) by

> the amount of any import duties imposed by the country of exportation which have been rebated, or which have not been collected, by reason of the exportation of the subject merchandise to the United States.

19 U.S.C. § 1677a(c).  Here, Commerce's adjustment is consistent with the statute and is supported by substantial evidence.

Assan argued in its Rule 56.2 Motion for Judgement on the Agency Record and accompanying Memorandum of Law (ECF Nos. 29-30) (hereinafter, "Assan's Br.") that Commerce's duty drawback adjustment was unlawful because the agency "divid{ed} the duty exemption received on Assan's closed {inward processing certificates}, by all U.S. exports, resulting in an inconsistent numerator and denominator."  Assan's Br. at 28.  However, as Consolidated Plaintiffs explained in their response brief, there are three elements of the duty drawback adjustment, (1) the numerator, (2) the denominator, and (3) the universe of U.S. sales to which the adjustment is applied.  Because Commerce assigned a duty drawback adjustment to *all* U.S. sales in Assan's U.S. sales database, regardless of whether they were exported pursuant to a closed inward processing certificate, or an inward processing certificate that remained open (or no inward processing certificate at all), Commerce properly allocated "the amount" of duty

liability forgiven by the Turkish government over Assan's total U.S. sales. <u>See</u> Appx7644. If Commerce had instead granted a duty drawback adjustment to only those sales Assan made pursuant to a closed inward processing certificate, only then would it have been inappropriate to allocate "the amount" of duty liability forgiven by the Turkish government overall U.S. sales.

Indeed, Consolidated Plaintiffs suggested an alternative methodology during the underlying investigation that would have assigned a much larger adjustment to only those U.S. sales subject to Assan's proposed inward processing certificate. <u>See</u> Appx91339. Commerce, however, rejected Consolidated Plaintiffs' proposal explaining that:

> We find, contrary to parties' arguments, that allocating the total amount of duty drawback to all sales in the U.S. sales data is preferable to allocating that amount only to the sales which the Assan Single Entity has identified in the U.S. sales data as being associated with closed {inward processing certificates} because: (1) the two-pronged test does not require a material-input-to-exported-merchandise-specific link between the imports where the import duties have been exempted or refunded and the exports which generate the duty drawback benefit; (2) POI-exempted import duties are allocated to all production of aluminum foil and are not applied to the production of the specific sales of aluminum foil that are only associated with closed {inward processing certificates} (i.e., there is a single, CONNUM-specific cost of production (COP) and COP is generally not a sale-specific amount); and (3) in general, individual U.S. sales may not be linked with specific exports from the country of origin, especially when U.S. sales may be made from inventory after importation into the United States.

Appx7644-7645. While Consolidated Plaintiffs believe the proposed methodology of granting a larger per unit adjustment to only those sales made pursuant to a closed inward processing certificate would be lawful, Consolidated Plaintiffs did not challenge the agency's determination, as both methodologies (the one relied upon by Commerce and the one rejected by Commerce) are consistent with the statute's plain language because the adjustment is based on the "the

amount" of import duty liability forgiven by the Turkish government "by reason of the exportation of the subject merchandise to the United States."

Defendant's request for a voluntary remand is based on Commerce's use of an alternative methodology in connection with the proceedings on the common alloy aluminum sheet from Turkey. <u>See</u> Def.'s Mot. at 5. Defendant, however, does not confess error in the underlying proceedings at issue in this action. <u>See id.</u>  Moreover, as discussed above in section II, the duty drawback methodology employed by Commerce in the common alloy aluminum sheet investigation and subsequent administrative review is unlawful and is currently subject to appeal.[4] Thus, rather than remand this matter for further consideration, the Court should sustain Commerce's methodology so that the agency and parties have clarity on the matter.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, Consolidated Plaintiffs respectfully urge this Court to: (1) deny Defendant's motion for a voluntary remand; and (2) determine that the Department's duty drawback methodology is supported by substantial evidence and otherwise in accordance with law.

---

[4]   Subsequent to the two decisions in the common alloy aluminum sheet proceeding, and subsequent to Defendant's request for a voluntary remand in this action, Commerce issued the preliminary results of the first administrative review of the antidumping duty order on certain aluminum foil from Turkey. <u>See</u> <u>Certain Aluminum Foil From the Republic of Turkey: Preliminary Results of Antidumping Duty Administrative Review; 2021–2022</u>, 88 Fed. Reg. 85,237 (Dep't Commerce Dec. 7, 2023). In this recent, preliminary determination, Commerce relied on a drawback methodology that is consistent with several of the points made in this supplemental brief.

NONCONFIDENTIAL

Respectfully submitted,

/s/ John M. Herrmann
JOHN M. HERRMANN
PAUL C. ROSENTHAL
JOSHUA R. MOREY
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, DC  20007
(202) 342-8400

Counsel to Consolidated Plaintiffs

Dated:  December 11, 2023

**CERTIFICATE OF COMPLIANCE**
**WITH COURT OF INTERNATIONAL TRADE**
**STANDARD CHAMBERS PROCEDURES**

Pursuant to this Court's Order dated October 27, 2023 (ECF No. 59), setting the page limitation for the Supplemental Brief of the Aluminum Association Trade Enforcement Working Group and its individual members, Gränges Americas Inc., JW Aluminum Company, and Novelis Corporation ("Consolidated Plaintiffs") to 15 pages, counsel for Consolidated Plaintiffs certifies that the attached Supplemental Brief contains 14 pages, including footnotes.

Respectfully submitted,

/s/ John M. Herrmann
JOHN M. HERRMANN
PAUL C. ROSENTHAL
JOSHUA R. MOREY
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, DC  20007
(202) 342-8400

Counsel to Consolidated Plaintiffs

Dated:  December 11, 2023

# ATTACHMENT 1

Barcode:4075667-01 A-489-844 INV - Investigation  -

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|
| [ | | | | | | | | | 477.39 | ] |
| [ | | | | | | | | | 542.03 | ] |
| [ | | | | | | | | | 1,611.84 | ] |
| [ | | | | | | | | | 878.14 | ] |
| [ | | | | | | | | | 838.50 | ] |
| [ | | | | | | | | | 239.60 | ] |
| [ | | | | | | | | | 958.62 | ] |
| [ | | | | | | | | | 483.09 | ] |
| [ | | | | | | | | | 275.42 | ] |
| [ | | | | | | | | | 812.37 | ] |
| [ | | | | | | | | | 741.31 | ] |
| [ | | | | | | | | | 236.94 | ] |
| [ | | | | | | | | | 229.55 | ] |
| [ | | | | | | | | | 498.97 | ] |
| [ | | | | | | | | | 476.26 | ] |
| [ | | | | | | | | | 211.30 | ] |
| [ | | | | | | | | | 245.65 | ] |
| [ | | | | | | | | | 446.29 | ] |
| [ | | | | | | | | | 88.36 | ] |
| [ | | | | | | | | | 240.29 | ] |
| [ | | | | | | | | | 256.93 | ] |
| [ | | | | | | | | | 194.46 | ] |
| [ | | | | | | | | | 100.00 | ] |
| [ | | | | | | | | | 478.49 | ] |
| [ | | | | | | | | | 677.46 | ] |
| [ | | | | | | | | | 242.42 | ] |
| [ | | | | | | | | | 277.62 | ] |
| [ | | | | | | | | | 241.00 | ] |
| [ | | | | | | | | | 800.84 | ] |
| [ | | | | | | | | | 242.45 | ] |

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|-----|---------------|----------------------------|---------------------------|----------------------------|--------------------|----------|--------------------|---------------|-------------|
| [ | | | | | Turkey | | | 272.47 | ] |
| [ | | | | | | | | 478.03 | ] |
| [ | | | | | | | | 478.98 | ] |
| [ | | | | | | | | 144.01 | ] |
| [ | | | | | | | | 474.73 | ] |
| [ | | | | | | | | 291.95 | ] |
| [ | | | | | | | | 163.00 | ] |
| [ | | | | | | | | 233.35 | ] |
| [ | | | | | | | | 232.69 | ] |
| [ | | | | | | | | 705.80 | ] |
| [ | | | | | | | | 1,507.02 | ] |
| [ | | | | | | | | 271.56 | ] |
| [ | | | | | | | | 221.17 | ] |
| [ | | | | | | | | 249.65 | ] |
| [ | | | | | | | | 237.89 | ] |
| [ | | | | | | | | 479.74 | ] |
| [ | | | | | | | | 239.57 | ] |
| [ | | | | | | | | 252.44 | ] |
| [ | | | | | | | | 242.33 | ] |
| [ | | | | | | | | 215.17 | ] |
| [ | | | | | | | | 239.75 | ] |
| [ | | | | | | | | 183.39 | ] |
| [ | | | | | | | | 249.46 | ] |
| [ | | | | | | | | 498.17 | ] |
| [ | | | | | | | | 282.88 | ] |
| [ | | | | | | | | 15.78 | ] |
| [ | | | | | | | | 319.96 | ] |
| [ | | | | | | | | 486.43 | ] |
| [ | | | | | | | | 246.29 | ] |
| [ | | | | | | | | 171.78 | ] |

Barcode: 4075667-01 A-489-844 INV - Investigation -

Combined Import-Export

Filed By: matthew.nolan@arentfox.com, Filed Date: 1/15/21 10:28 AM, Submission Status: Approved

23570951_1.XLSX

**Appx002547**

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|
| [ | | | | | | | | | 242.56 | ] |
| [ | | | | | | | | | 245.93 | ] |
| [ | | | | | | | | | 1,265.09 | ] |
| [ | | | | | | | | | 141.73 | ] |
| [ | | | | | | | | | 209.94 | ] |
| [ | | | | | | | | | 750.99 | ] |
| [ | | | | | | | | | 486.83 | ] |
| [ | | | | | | | | | 514.26 | ] |
| [ | | | | | | | | | 283.12 | ] |
| [ | | | | | | | | | 462.11 | ] |
| [ | | | | | | | | | 996.10 | ] |
| [ | | | | | | | | | 222.24 | ] |
| [ | | | | | | | | | 573.97 | ] |
| [ | | | | | | | | | 734.49 | ] |
| [ | | | | | | | | | 550.24 | ] |
| [ | | | | | | | | | 179.05 | ] |
| [ | | | | | | | | | 287.89 | ] |
| [ | | | | | | | | | 52.59 | ] |
| [ | | | | | | | | | 483.61 | ] |
| [ | | | | | | | | | 240.62 | ] |
| [ | | | | | | | | | 239.82 | ] |
| [ | | | | | | | | | 486.11 | ] |
| [ | | | | | | | | | 244.02 | ] |
| [ | | | | | | | | | 562.52 | ] |
| [ | | | | | | | | | 245.59 | ] |
| [ | | | | | | | | | 239.48 | ] |

Combined Import-Export

Barcode: 4075667-01 A-489-844 INV - Investigation -

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|-----|----------------|-----------------------------|---------------------------|-----------------------------|--------------------|--------|----------|--------------------|---------------|-------------|
| [ | | | | | | | | | 186.83 | ] |
| [ | | | | | | | | | 631.17 | ] |
| [ | | | | | | | | | 230.45 | ] |
| [ | | | | | | | | | 235.23 | ] |
| [ | | | | | | | | | 723.97 | ] |
| [ | | | | | | | | | 240.83 | ] |
| [ | | | | | | | | | 241.39 | ] |
| [ | | | | | | | | | 13.38 | ] |
| [ | | | | | | | | | 246.71 | ] |
| [ | | | | | | | | | 83.77 | ] |
| [ | | | | | | | | | 30.89 | ] |
| [ | | | | | | | | | 498.67 | ] |
| [ | | | | | | | | | 45.33 | ] |
| [ | | | | | | | | | 768.13 | ] |
| [ | | | | | | | | | 740.36 | ] |
| [ | | | | | | | | | 752.24 | ] |
| [ | | | | | | | | | 243.70 | ] |
| [ | | | | | | | | | 688.39 | ] |
| [ | | | | | | | | | 561.43 | ] |
| [ | | | | | | | | | 121.29 | ] |
| [ | | | | | | | | | 1,097.26 | ] |
| [ | | | | | | | | | 296.02 | ] |
| [ | | | | | | | | | 140.66 | ] |
| [ | | | | | | | | | 84.55 | ] |
| [ | | | | | | | | | 197.39 | ] |
| [ | | | | | | | | | 1,423.47 | ] |
| [ | | | | | | | | | 147.87 | ] |
| [ | | | | | | | | | 760.37 | ] |
| [ | | | | | | | | | 750.48 | ] |
| [ | | | | | | | | | 119.20 | ] |
| [ | | | | | | | | | 245.74 | ] |
| [ | | | | | | | | | 657.40 | ] |
| [ | | | | | | | | | 751.03 | ] |
| [ | | | | | | | | | 243.69 | ] |
| [ | | | | | | | | | 91.32 | ] |

Barcode: 4075667-01 A-489-844 INV - Investigation -

Combined Import-Export

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|-----|---------------|------------------------------|---------------------------|------------------------------|--------------------|--------|----------|--------------------|---------------|-------------|

**Combined Import-Export**

**Barcode: 4075667-01 A-489-844 INV - Investigation -**

| | | | | | | | | | 1,073.93 | |
| | | | | | | | | | 235.54 | |
| | | | | | | | | | 90.87 | |
| | | | | | | | | | 760.36 | |
| | | | | | | | | | 215.82 | |
| | | | | | | | | | 272.35 | |
| | | | | | | | | | 140.89 | |
| | | | | | | | | | 631.69 | |
| | | | | | | | | | 30.54 | |
| | | | | | | | | | 231.14 | |
| | | | | | | | | | 459.32 | |
| | | | | | | | | | 279.47 | |
| | | | | | | | | | 554.62 | |
| | | | | | | | | | 1,689.42 | |
| | | | | | | | | | 103.37 | |
| | | | | | | | | | 87.05 | |
| | | | | | | | | | 320.53 | |
| | | | | | | | | | 486.23 | |
| | | | | | | | | | 87.72 | |
| | | | | | | | | | 268.40 | |
| | | | | | | | | | 281.95 | |
| | | | | | | | | | 756.42 | |
| | | | | | | | | | 549.29 | |
| | | | | | | | | | 217.38 | |
| | | | | | | | | | 319.72 | |
| | | | | | | | | | 502.17 | |
| | | | | | | | | | 284.32 | |
| | | | | | | | | | 49.76 | |
| | | | | | | | | | 252.78 | |
| | | | | | | | | | 241.80 | |
| | | | | | | | | | 250.20 | |
| | | | | | | | | | 249.43 | |
| | | | | | | | | | 225.48 | |
| | | | | | | | | | 773.36 | |
| | | | | | | | | | 251.79 | |
| | | | | | | | | | 258.31 | |
| | | | | | | | | | 249.38 | |

Combined Import-Export

Barcode: 4075667-01 A-489-844 INV - Investigation -

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|-----|----------------|------------------------------|----------------------------|------------------------------|--------------------|--------|----------|--------------------|---------------|-------------|
| [ | | | | | | | | | 245.82 | ] |
| [ | | | | | | | | | 253.54 | ] |
| [ | | | | | | | | | 247.39 | ] |
| [ | | | | | | | | | 94.66 | ] |
| [ | | | | | | | | | 269.43 | ] |
| [ | | | | | | | | | 503.87 | ] |
| [ | | | | | | | | | 491.97 | ] |
| [ | | | | | | | | | 194.41 | ] |
| [ | | | | | | | | | 244.95 | ] |
| [ | | | | | | | | | 488.42 | ] |
| [ | | | | | | | | | 72.90 | ] |
| [ | | | | | | | | | 48.89 | ] |
| [ | | | | | | | | | 170.57 | ] |
| [ | | | | | | | | | 241.20 | ] |
| [ | | | | | | | | | 49.69 | ] |
| [ | | | | | | | | | 242.87 | ] |
| [ | | | | | | | | | 1,551.78 | ] |
| [ | | | | | | | | | 379.60 | ] |
| [ | | | | | | | | | 36.38 | ] |
| [ | | | | | | | | | 97.58 | ] |
| [ | | | | | | | | | 155.43 | ] |
| [ | | | | | | | | | 212.17 | ] |
| [ | | | | | | | | | 277.65 | ] |
| [ | | | | | | | | | 239.88 | ] |
| [ | | | | | | | | | 98.44 | ] |
| [ | | | | | | | | | 166.96 | ] |
| [ | | | | | | | | | 636.41 | ] |
| [ | | | | | | | | | 106.83 | ] |
| [ | | | | | | | | | 291.63 | ] |
| [ | | | | | | | | | 243.10 | ] |
| [ | | | | | | | | | 995.53 | ] |
| [ | | | | | | | | | 246.33 | ] |
| [ | | | | | | | | | 486.91 | ] |
| [ | | | | | | | | | 30.49 | ] |
| [ | | | | | | | | | 45.45 | ] |
| [ | | | | | | | | | 93.94 | ] |
| [ | | | | | | | | | 435.40 | ] |

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 114.41 | |
| | | | | | | | | | 1,443.74 | |
| | | | | | | | | | 502.24 | |
| | | | | | | | | | 428.23 | |
| | | | | | | | | | 526.34 | |
| | | | | | | | | | 132.46 | |
| | | | | | | | | | 136.61 | |
| | | | | | | | | | 261.50 | |
| | | | | | | | | | 1,506.83 | |
| | | | | | | | | | 306.08 | |
| | | | | | | | | | 515.43 | |
| | | | | | | | | | 261.95 | |
| | | | | | | | | | 190.14 | |
| | | | | | | | | | 8.58 | |
| | | | | | | | | | 1,247.12 | |
| | | | | | | | | | 241.91 | |
| | | | | | | | | | 11.42 | |
| | | | | | | | | | 11.49 | |
| | | | | | | | | | 122.28 | |
| | | | | | | | | | 209.06 | |
| | | | | | | | | | 766.77 | |
| | | | | | | | | | 43.66 | |
| | | | | | | | | | 732.50 | |
| | | | | | | | | | 311.39 | |
| | | | | | | | | | 314.12 | |
| | | | | | | | | | 257.47 | |
| | | | | | | | | | 246.06 | |
| | | | | | | | | | 89.60 | |
| | | | | | | | | | 23.89 | |
| | | | | | | | | | 198.29 | |
| | | | | | | | | | 310.92 | |
| | | | | | | | | | 196.48 | |
| | | | | | | | | | 726.94 | |
| | | | | | | | | | 510.05 | |
| | | | | | | | | | 329.75 | |
| | | | | | | | | | 506.57 | |
| | | | | | | | | | 178.54 | |
| | | | | | | | | | 498.23 | |
| | | | | | | | | | 243.55 | |
| | | | | | | | | | 217.72 | |
| | | | | | | | | | 1,471.05 | |
| | | | | | | | | | 50.11 | |
| | | | | | | | | | 83.45 | |
| | | | | | | | | | 1,144.73 | |

Barcode: 4075667-01 A-489-844 INV - Investigation -
Combined Import-Export

Filed By: matthew.nolan@arentfox.com, Filed Date: 1/15/21 10:28 AM, Submission Status: Approved

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 591.05 | |
| | | | | | | | | | 133.42 | |
| | | | | | | | | | 240.60 | |
| | | | | | | | | | 239.10 | |
| | | | | | | | | | 256.86 | |
| | | | | | | | | | 256.40 | |
| | | | | | | | | | 253.08 | |
| | | | | | | | | | 525.39 | |
| | | | | | | | | | 247.76 | |
| | | | | | | | | | 234.48 | |
| | | | | | | | | | 228.80 | |
| | | | | | | | | | 253.91 | |
| | | | | | | | | | 237.98 | |
| | | | | | | | | | 12.49 | |
| | | | | | | | | | 21.02 | |
| | | | | | | | | | 262.97 | |
| | | | | | | | | | 10.16 | |
| | | | | | | | | | 286.76 | |
| | | | | | | | | | 89.45 | |
| | | | | | | | | | 268.70 | |
| | | | | | | | | | 92.34 | |
| | | | | | | | | | 241.63 | |
| | | | | | | | | | 314.05 | |
| | | | | | | | | | 248.21 | |
| | | | | | | | | | 736.05 | |
| | | | | | | | | | 513.17 | |
| | | | | | | | | | 172.68 | |
| | | | | | | | | | 1,222.85 | |
| | | | | | | | | | 271.77 | |
| | | | | | | | | | 286.58 | |
| | | | | | | | | | 255.91 | |
| | | | | | | | | | 270.42 | |
| | | | | | | | | | 246.51 | |
| | | | | | | | | | 98.40 | |
| | | | | | | | | | 244.45 | |

Barcode: 4075667-01 A-489-844 INV - Investigation -

Combined Import-Export

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|-----|----------------|----------------------------|---------------------------|------------------------------|---------------------|--------|----------|--------------------|---------------|-------------|
| [ | | | | | | | | | 483.05 | ] |
| [ | | | | | | | | | 482.46 | ] |
| [ | | | | | | | | | 244.46 | ] |
| [ | | | | | | | | | 230.38 | ] |
| [ | | | | | | | | | 1,007.75 | ] |
| [ | | | | | | | | | 223.00 | ] |
| [ | | | | | | | | | 253.16 | ] |
| [ | | | | | | | | | 246.01 | ] |
| [ | | | | | | | | | 304.74 | ] |
| [ | | | | | | | | | 810.42 | ] |
| [ | | | | | | | | | 246.09 | ] |
| [ | | | | | | | | | 251.48 | ] |
| [ | | | | | | | | | 454.83 | ] |
| [ | | | | | | | | | 212.74 | ] |
| [ | | | | | | | | | 177.68 | ] |
| [ | | | | | | | | | 149.61 | ] |
| [ | | | | | | | | | 81.59 | ] |
| [ | | | | | | | | | 87.07 | ] |
| [ | | | | | | | | | 160.37 | ] |
| [ | | | | | | | | | 103.98 | ] |
| [ | | | | | | | | | 501.68 | ] |
| [ | | | | | | | | | 39.49 | ] |
| [ | | | | | | | | | 256.63 | ] |
| [ | | | | | | | | | 72.90 | ] |
| [ | | | | | | | | | 176.21 | ] |
| [ | | | | | | | | | 247.28 | ] |
| [ | | | | | | | | | 245.70 | ] |
| [ | | | | | | | | | 2,197.66 | ] |
| [ | | | | | | | | | 468.06 | ] |
| [ | | | | | | | | | 60.17 | ] |
| [ | | | | | | | | | 244.45 | ] |
| [ | | | | | | | | | 247.65 | ] |
| [ | | | | | | | | | 505.19 | ] |
| [ | | | | | | | | | 11.52 | ] |
| [ | | | | | | | | | 144.51 | ] |
| [ | | | | | | | | | 488.27 | ] |
| [ | | | | | | | | | 249.51 | ] |
| [ | | | | | | | | | 119.47 | ] |
| [ | | | | | | | | | 21.78 | ] |

Combined Import-Export

Barcode:4075667-01 A-489-844 INV - Investigation -

Filed By: matthew.nolan@arentfox.com, Filed Date: 1/15/21 10:28 AM, Submission Status: Approved

23570951_1.XLSX

**Appx002554**

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|
| [ | | | | | | | | | 187.72 | ] |
| [ | | | | | | | | | 461.19 | ] |
| [ | | | | | | | | | 243.44 | ] |
| [ | | | | | | | | | 245.55 | ] |
| [ | | | | | | | | | 100.10 | ] |
| [ | | | | | | | | | 103.88 | ] |
| [ | | | | | | | | | 56.69 | ] |
| [ | | | | | | | | | 244.43 | ] |
| [ | | | | | | | | | 538.29 | ] |
| [ | | | | | | | | | 237.40 | ] |
| [ | | | | | | | | | 245.45 | ] |
| [ | | | | | | | | | 245.15 | ] |
| [ | | | | | | | | | 294.66 | ] |
| [ | | | | | | | | | 485.29 | ] |
| [ | | | | | | | | | 240.39 | ] |
| [ | | | | | | | | | 243.85 | ] |
| [ | | | | | | | | | 483.96 | ] |
| [ | | | | | | | | | 252.77 | ] |
| [ | | | | | | | | | 64.65 | ] |
| [ | | | | | | | | | 493.41 | ] |
| [ | | | | | | | | | 717.19 | ] |
| [ | | | | | | | | | 252.06 | ] |
| [ | | | | | | | | | 242.63 | ] |
| [ | | | | | | | | | 298.70 | ] |
| [ | | | | | | | | | 231.95 | ] |
| [ | | | | | | | | | 876.36 | ] |
| [ | | | | | | | | | 252.10 | ] |
| [ | | | | | | | | | 246.85 | ] |

Barcode: 4075667-01 A-489-844 INV - Investigation -

Combined Import-Export

Filed By: matthew.nolan@arentfox.com, Filed Date: 1/15/21 10:28 AM, Submission Status: Approved

23570951_1.XLSX

**NON-CONFIDENTIAL**

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|

Barcode: 4075667-01 A-489-844 INV - Investigation -

Combined Import-Export

| | | | | | | | | | 739.27 | |
| | | | | | | | | | 487.75 | |
| | | | | | | | | | 84.22 | |
| | | | | | | | | | 90.90 | |
| | | | | | | | | | 313.62 | |
| | | | | | | | | | 528.34 | |
| | | | | | | | | | 252.69 | |
| | | | | | | | | | 1,255.92 | |
| | | | | | | | | | 217.21 | |
| | | | | | | | | | 492.33 | |
| | | | | | | | | | 224.99 | |
| | | | | | | | | | 41.95 | |
| | | | | | | | | | 0.87 | |
| | | | | | | | | | 511.07 | |
| | | | | | | | | | 244.55 | |
| | | | | | | | | | 491.80 | |
| | | | | | | | | | 239.05 | |
| | | | | | | | | | 243.25 | |
| | | | | | | | | | 92.83 | |
| | | | | | | | | | 237.59 | |
| | | | | | | | | | 234.63 | |
| | | | | | | | | | 244.70 | |
| | | | | | | | | | 493.17 | |
| | | | | | | | | | 487.93 | |
| | | | | | | | | | 247.41 | |
| | | | | | | | | | 760.71 | |
| | | | | | | | | | 244.36 | |
| | | | | | | | | | 254.06 | |
| | | | | | | | | | 248.17 | |
| | | | | | | | | | 540.18 | |
| | | | | | | | | | 491.24 | |

Filed By: matthew.nolan@arentfox.com, Filed Date: 1/15/21 10:28 AM, Submission Status: Approved

23570951_1.XLSX

**Appx002556**

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|
| [ | | | | | | | | | 243.50 | ] |
| [ | | | | | | | | | 20.46 | ] |
| [ | | | | | | | | | 238.40 | ] |
| [ | | | | | | | | | 244.58 | ] |
| [ | | | | | | | | | 238.06 | ] |
| [ | | | | | | | | | 258.96 | ] |
| [ | | | | | | | | | 662.51 | ] |
| [ | | | | | | | | | 133.58 | ] |
| [ | | | | | | | | | 244.39 | ] |
| [ | | | | | | | | | 171.02 | ] |
| [ | | | | | | | | | 92.56 | ] |
| [ | | | | | | | | | 243.37 | ] |
| [ | | | | | | | | | 249.47 | ] |
| [ | | | | | | | | | 509.60 | ] |
| [ | | | | | | | | | 81.71 | ] |
| [ | | | | | | | | | 548.83 | ] |
| [ | | | | | | | | | 1,461.57 | ] |
| [ | | | | | | | | | 215.60 | ] |
| [ | | | | | | | | | 28.23 | ] |
| [ | | | | | | | | | 243.35 | ] |
| [ | | | | | | | | | 251.63 | ] |
| [ | | | | | | | | | 256.72 | ] |
| [ | | | | | | | | | 243.63 | ] |
| [ | | | | | | | | | 503.73 | ] |
| [ | | | | | | | | | 70.21 | ] |
| [ | | | | | | | | | 191.81 | ] |
| [ | | | | | | | | | 185.39 | ] |
| [ | | | | | | | | | 58.64 | ] |
| [ | | | | | | | | | 19.36 | ] |
| [ | | | | | | | | | 118.55 | ] |
| [ | | | | | | | | | 125.62 | ] |
| [ | | | | | | | | | 363.32 | ] |
| [ | | | | | | | | | 242.23 | ] |
| [ | | | | | | | | | 149.63 | ] |
| [ | | | | | | | | | 17.14 | ] |

Barcode: 4075667-01 A-489-844 INV - Investigation -

Combined Import-Export

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|

Combined Import-Export

Barcode:4075667-01 A-489-844 INV - Investigation -

| | | | | | | | | | 60.96 | |
| | | | | | | | | | 94.11 | |
| | | | | | | | | | 73.56 | |
| | | | | | | | | | 245.78 | |
| | | | | | | | | | 259.78 | |
| | | | | | | | | | 291.01 | |
| | | | | | | | | | 562.38 | |
| | | | | | | | | | 153.87 | |
| | | | | | | | | | 750.07 | |
| | | | | | | | | | 641.83 | |
| | | | | | | | | | 734.34 | |
| | | | | | | | | | 173.13 | |
| | | | | | | | | | 226.11 | |
| | | | | | | | | | 396.39 | |
| | | | | | | | | | 181.56 | |
| | | | | | | | | | 221.25 | |
| | | | | | | | | | 310.59 | |
| | | | | | | | | | 84.46 | |
| | | | | | | | | | 22.73 | |
| | | | | | | | | | 114.84 | |
| | | | | | | | | | 213.76 | |
| | | | | | | | | | 275.98 | |
| | | | | | | | | | 58.51 | |
| | | | | | | | | | 233.05 | |
| | | | | | | | | | 306.42 | |
| | | | | | | | | | 160.47 | |
| | | | | | | | | | 1,256.83 | |
| | | | | | | | | | 185.78 | |
| | | | | | | | | | 72.77 | |
| | | | | | | | | | 542.10 | |
| | | | | | | | | | 260.12 | |
| | | | | | | | | | 242.02 | |
| | | | | | | | | | 235.25 | |
| | | | | | | | | | 128.50 | |

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|

Barcode: 4075667-01 A-489-844 INV - Investigation -

| | | | | | | | | | 160.82 | |
| | | | | | | | | | 243.50 | |
| | | | | | | | | | 74.74 | |
| | | | | | | | | | 738.65 | |
| | | | | | | | | | 11.19 | |
| | | | | | | | | | 241.11 | |
| | | | | | | | | | 247.12 | |
| | | | | | | | | | 237.70 | |
| | | | | | | | | | 253.71 | |
| | | | | | | | | | 17.07 | |
| | | | | | | | | | 89.34 | |
| | | | | | | | | | 167.33 | |
| | | | | | | | | | 186.08 | |
| | | | | | | | | | 559.32 | |
| | | | | | | | | | 174.42 | |
| | | | | | | | | | 727.93 | |
| | | | | | | | | | 246.18 | |
| | | | | | | | | | 240.74 | |
| | | | | | | | | | 83.45 | |
| | | | | | | | | | 256.80 | |
| | | | | | | | | | 245.97 | |
| | | | | | | | | | 499.58 | |
| | | | | | | | | | 400.26 | |
| | | | | | | | | | 233.87 | |
| | | | | | | | | | 245.46 | |
| | | | | | | | | | 132.69 | |
| | | | | | | | | | 32.52 | |
| | | | | | | | | | 0.86 | |
| | | | | | | | | | 246.99 | |
| | | | | | | | | | 485.99 | |
| | | | | | | | | | 10.36 | |
| | | | | | | | | | 49.99 | |

Filed By: matthew.nolan@arentfox.com, Filed Date: 1/15/21 10:28 AM, Submission Status: Approved
PUBLIC VERSION - NUMBERS INDEXED
14 of 83

23570951_1.XLSX

Appx002559

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|

Combined Import-Export

Barcode: 4075667-01 A-489-844 INV - Investigation -

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| [ | | | | | | | | | 291.38 | ] |
| [ | | | | | | | | | 213.55 | ] |
| [ | | | | | | | | | 171.88 | ] |
| [ | | | | | | | | | 258.84 | ] |
| [ | | | | | | | | | 277.27 | ] |
| [ | | | | | | | | | 259.68 | ] |
| [ | | | | | | | | | 32.71 | ] |
| [ | | | | | | | | | 483.19 | ] |
| [ | | | | | | | | | 227.73 | ] |
| [ | | | | | | | | | 105.47 | ] |
| [ | | | | | | | | | 140.70 | ] |
| [ | | | | | | | | | 461.26 | ] |
| [ | | | | | | | | | 285.65 | ] |
| [ | | | | | | | | | 17.59 | ] |
| [ | | | | | | | | | 99.59 | ] |
| [ | | | | | | | | | 220.22 | ] |
| [ | | | | | | | | | 240.62 | ] |
| [ | | | | | | | | | 504.77 | ] |
| [ | | | | | | | | | 266.96 | ] |
| [ | | | | | | | | | 144.31 | ] |
| [ | | | | | | | | | 267.44 | ] |
| [ | | | | | | | | | 176.34 | ] |
| [ | | | | | | | | | 81.48 | ] |
| [ | | | | | | | | | 184.85 | ] |
| [ | | | | | | | | | 494.39 | ] |
| [ | | | | | | | | | 243.54 | ] |
| [ | | | | | | | | | 2,633.56 | ] |
| [ | | | | | | | | | 983.92 | ] |
| [ | | | | | | | | | 297.05 | ] |
| [ | | | | | | | | | 263.99 | ] |
| [ | | | | | | | | | 500.15 | ] |
| [ | | | | | | | | | 283.20 | ] |
| [ | | | | | | | | | 251.94 | ] |
| [ | | | | | | | | | 747.79 | ] |

Filed By: matthew.nolan@arentfox.com, Filed Date: 1/15/21 10:28 AM, Submission Status: Approved

23570951_1.XLSX

Appx002560

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|

Combined Import-Export

Barcode: 4075667-01 A-489-844 INV - Investigation -

| | | | | | | | | | 271.48 | |
| | | | | | | | | | 737.78 | |
| | | | | | | | | | 242.33 | |
| | | | | | | | | | 505.04 | |
| | | | | | | | | | 510.18 | |
| | | | | | | | | | 299.62 | |
| | | | | | | | | | 245.27 | |
| | | | | | | | | | 257.46 | |
| | | | | | | | | | 255.32 | |
| | | | | | | | | | 240.24 | |
| | | | | | | | | | 244.88 | |
| | | | | | | | | | 252.99 | |
| | | | | | | | | | 239.72 | |
| | | | | | | | | | 1,304.16 | |
| | | | | | | | | | 241.69 | |
| | | | | | | | | | 501.71 | |
| | | | | | | | | | 1,968.18 | |
| | | | | | | | | | 244.99 | |
| | | | | | | | | | 492.15 | |
| | | | | | | | | | 246.10 | |
| | | | | | | | | | 1.20 | |
| | | | | | | | | | 227.40 | |
| | | | | | | | | | 499.52 | |
| | | | | | | | | | 739.08 | |
| | | | | | | | | | 149.73 | |
| | | | | | | | | | 219.23 | |
| | | | | | | | | | 184.14 | |
| | | | | | | | | | 247.92 | |
| | | | | | | | | | 103.65 | |
| | | | | | | | | | 41.50 | |
| | | | | | | | | | 86.84 | |
| | | | | | | | | | 242.33 | |
| | | | | | | | | | 746.52 | |
| | | | | | | | | | 247.39 | |
| | | | | | | | | | 22.99 | |
| | | | | | | | | | 49.14 | |
| | | | | | | | | | 142.08 | |

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|

Barcode: 4075667-01 A-489-844 INV - Investigation -
Combined Import-Export

[ 506.41 ]

[ 121.31 ]
[ 174.69 ]
[ 468.16 ]
[ 250.03 ]

[ 252.13 ]

[ 1,108.00 ]

[ 625.00 ]
[ 93.06 ]

[ 252.76 ]

[ 231.25 ]
[ 316.95 ]
[ 237.25 ]

[ 251.90 ]

[ 254.98 ]

[ 298.78 ]
[ 242.18 ]

[ 224.33 ]

[ 2,258.68 ]

[ 242.18 ]

[ 246.39 ]

[ 449.42 ]

[ 247.05 ]

[ 251.09 ]

[ 2,230.15 ]

[ 1,472.32 ]

[ 255.91 ]
[ 257.44 ]

[ 244.16 ]

[ 533.66 ]

[ 45.00 ]

[ 493.21 ]

[ 478.78 ]

Filed By: matthew.nolan@arentfox.com, Filed Date: 1/15/21 10:28 AM, Submission Status: Approved
PUBLIC VERSION - NUMBERS INDEXED
17 of 83
23570951_1.XLSX

Appx002562

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Combined Import-Export Barcode: 4075667-01 A-489-844 INV - Investigation - Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|
| [ | | | | | | | | | 502.69 | ] |
| [ | | | | | | | | | 259.37 | ] |
| [ | | | | | | | | | 244.57 | ] |
| [ | | | | | | | | | 245.52 | ] |
| [ | | | | | | | | | 260.39 | ] |
| [ | | | | | | | | | 255.08 | ] |
| [ | | | | | | | | | 281.57 | ] |
| [ | | | | | | | | | 187.82 | ] |
| [ | | | | | | | | | 242.90 | ] |
| [ | | | | | | | | | 201.79 | ] |
| [ | | | | | | | | | 252.15 | ] |
| [ | | | | | | | | | 575.29 | ] |
| [ | | | | | | | | | 247.37 | ] |
| [ | | | | | | | | | 169.04 | ] |
| [ | | | | | | | | | 505.78 | ] |
| [ | | | | | | | | | 259.33 | ] |
| [ | | | | | | | | | 191.47 | ] |
| [ | | | | | | | | | 246.66 | ] |
| [ | | | | | | | | | 241.99 | ] |
| [ | | | | | | | | | 246.14 | ] |
| [ | | | | | | | | | 236.65 | ] |
| [ | | | | | | | | | 244.36 | ] |
| [ | | | | | | | | | 244.55 | ] |
| [ | | | | | | | | | 499.06 | ] |
| [ | | | | | | | | | 245.29 | ] |
| [ | | | | | | | | | 490.05 | ] |
| [ | | | | | | | | | 165.30 | ] |
| [ | | | | | | | | | 96.82 | ] |
| [ | | | | | | | | | 88.58 | ] |
| [ | | | | | | | | | 248.48 | ] |
| [ | | | | | | | | | 230.85 | ] |

Filed By: matthew.nolan@arentfox.com, Filed Date: 1/15/21 10:28 AM, Submission Status: Approved

23570951_1.XLSX

**Appx002563**

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Combined Import-Export<br>Barcode: 4075667-01 A-489-844 INV - Investigation -<br>Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|
| [ | | | | | | | | | 1,006.64 | ] |
| [ | | | | | | | | | 252.70 | ] |
| [ | | | | | | | | | 343.83 | ] |
| [ | | | | | | | | | 147.51 | ] |
| [ | | | | | | | | | 2,453.91 | ] |
| [ | | | | | | | | | 178.78 | ] |
| [ | | | | | | | | | 307.71 | ] |
| [ | | | | | | | | | 186.34 | ] |
| [ | | | | | | | | | 89.11 | ] |
| [ | | | | | | | | | 119.26 | ] |
| [ | | | | | | | | | 266.55 | ] |
| [ | | | | | | | | | 89.16 | ] |
| [ | | | | | | | | | 148.47 | ] |
| [ | | | | | | | | | 267.06 | ] |
| [ | | | | | | | | | 252.10 | ] |
| [ | | | | | | | | | 820.76 | ] |
| [ | | | | | | | | | 809.29 | ] |
| [ | | | | | | | | | 502.78 | ] |
| [ | | | | | | | | | 466.73 | ] |
| [ | | | | | | | | | 489.76 | ] |
| [ | | | | | | | | | 83.61 | ] |
| [ | | | | | | | | | 247.92 | ] |
| [ | | | | | | | | | 721.99 | ] |
| [ | | | | | | | | | 236.35 | ] |
| [ | | | | | | | | | 759.23 | ] |
| [ | | | | | | | | | 211.81 | ] |
| [ | | | | | | | | | 34.11 | ] |
| [ | | | | | | | | | 247.04 | ] |
| [ | | | | | | | | | 511.46 | ] |
| [ | | | | | | | | | 294.35 | ] |

Combined Import-Export

Barcode: 4075667-01 A-489-844 INV - Investigation -

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|
| [ | | | | | | | | | 290.14 | ] |
| [ | | | | | | | | | 456.11 | ] |
| [ | | | | | | | | | 245.40 | ] |
| [ | | | | | | | | | 237.00 | ] |
| [ | | | | | | | | | 921.86 | ] |
| [ | | | | | | | | | 254.90 | ] |
| [ | | | | | | | | | 9.61 | ] |
| [ | | | | | | | | | 495.23 | ] |
| [ | | | | | | | | | 238.12 | ] |
| [ | | | | | | | | | 280.85 | ] |
| [ | | | | | | | | | 506.49 | ] |
| [ | | | | | | | | | 505.32 | ] |
| [ | | | | | | | | | 248.48 | ] |
| [ | | | | | | | | | 238.47 | ] |
| [ | | | | | | | | | 254.26 | ] |
| [ | | | | | | | | | 9.60 | ] |
| [ | | | | | | | | | 505.58 | ] |
| [ | | | | | | | | | 534.76 | ] |
| [ | | | | | | | | | 238.29 | ] |
| [ | | | | | | | | | 505.64 | ] |
| [ | | | | | | | | | 128.79 | ] |
| [ | | | | | | | | | 647.39 | ] |
| [ | | | | | | | | | 136.33 | ] |
| [ | | | | | | | | | 9.59 | ] |
| [ | | | | | | | | | 143.59 | ] |
| [ | | | | | | | | | 1,000.22 | ] |
| [ | | | | | | | | | 250.98 | ] |
| [ | | | | | | | | | 65.11 | ] |
| [ | | | | | | | | | 249.16 | ] |
| [ | | | | | | | | | 501.94 | ] |

Filed By: matthew.nolan@arentfox.com, Filed Date: 1/15/21 10:28 AM, Submission Status: Approved

23570951_1.XLSX

**Appx002565**

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 249.77 | |
| | | | | | | | | | 239.03 | |
| | | | | | | | | | 86.99 | |
| | | | | | | | | | 989.45 | |
| | | | | | | | | | 559.83 | |
| | | | | | | | | | 278.71 | |
| | | | | | | | | | 260.27 | |
| | | | | | | | | | 230.77 | |
| | | | | | | | | | 496.52 | |
| | | | | | | | | | 247.73 | |
| | | | | | | | | | 243.63 | |
| | | | | | | | | | 253.08 | |
| | | | | | | | | | 254.17 | |
| | | | | | | | | | 236.58 | |
| | | | | | | | | | 496.56 | |
| | | | | | | | | | 751.49 | |
| | | | | | | | | | 233.89 | |
| | | | | | | | | | 998.49 | |
| | | | | | | | | | 535.99 | |
| | | | | | | | | | 304.52 | |
| | | | | | | | | | 223.37 | |
| | | | | | | | | | 43.71 | |
| | | | | | | | | | 493.22 | |
| | | | | | | | | | 13.78 | |
| | | | | | | | | | 131.71 | |
| | | | | | | | | | 131.48 | |
| | | | | | | | | | 770.93 | |
| | | | | | | | | | 1,256.36 | |
| | | | | | | | | | 248.55 | |
| | | | | | | | | | 502.29 | |
| | | | | | | | | | 113.80 | |
| | | | | | | | | | 252.91 | |

Combined Import-Export

Barcode: 4075667-01 A-489-844 INV - Investigation -

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 1,234.85 | |
| | | | | | | | | | 79.06 | |
| | | | | | | | | | 150.62 | |
| | | | | | | | | | 750.73 | |
| | | | | | | | | | 1,181.67 | |
| | | | | | | | | | 246.50 | |
| | | | | | | | | | 247.41 | |
| | | | | | | | | | 249.82 | |
| | | | | | | | | | 56.94 | |
| | | | | | | | | | 150.39 | |
| | | | | | | | | | 757.37 | |
| | | | | | | | | | 648.91 | |
| | | | | | | | | | 1,231.26 | |
| | | | | | | | | | 92.90 | |
| | | | | | | | | | 132.56 | |
| | | | | | | | | | 71.82 | |
| | | | | | | | | | 245.06 | |
| | | | | | | | | | 176.53 | |
| | | | | | | | | | 181.11 | |
| | | | | | | | | | 89.30 | |
| | | | | | | | | | 246.03 | |
| | | | | | | | | | 246.77 | |
| | | | | | | | | | 174.71 | |
| | | | | | | | | | 85.08 | |
| | | | | | | | | | 85.36 | |
| | | | | | | | | | 811.16 | |
| | | | | | | | | | 189.24 | |
| | | | | | | | | | 262.15 | |
| | | | | | | | | | 286.14 | |
| | | | | | | | | | 506.36 | |

Combined Import-Export

Barcode: 4075667-01 A-489-844 INV - Investigation -

Filed By: matthew.nolan@arentfox.com, Filed Date: 1/15/21 10:28 AM, Submission Status: Approved

**Appx002567**

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Combined Import-Export Barcode: 4075667-01 A-489-844 INV - Investigation - Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|
| [ | | | | | | | | | 235.16 | ] |
| [ | | | | | | | | | 461.34 | ] |
| [ | | | | | | | | | 291.99 | ] |
| [ | | | | | | | | | 11.19 | ] |
| [ | | | | | | | | | 32.85 | ] |
| [ | | | | | | | | | 247.60 | ] |
| [ | | | | | | | | | 250.24 | ] |
| [ | | | | | | | | | 247.20 | ] |
| [ | | | | | | | | | 506.22 | ] |
| [ | | | | | | | | | 244.95 | ] |
| [ | | | | | | | | | 227.85 | ] |
| [ | | | | | | | | | 992.83 | ] |
| [ | | | | | | | | | 363.53 | ] |
| [ | | | | | | | | | 412.19 | ] |
| [ | | | | | | | | | 249.55 | ] |
| [ | | | | | | | | | 74.29 | ] |
| [ | | | | | | | | | 129.78 | ] |
| [ | | | | | | | | | 246.12 | ] |
| [ | | | | | | | | | 250.48 | ] |
| [ | | | | | | | | | 252.39 | ] |
| [ | | | | | | | | | 254.56 | ] |
| [ | | | | | | | | | 504.92 | ] |
| [ | | | | | | | | | 243.63 | ] |
| [ | | | | | | | | | 248.32 | ] |
| [ | | | | | | | | | 248.36 | ] |
| [ | | | | | | | | | 241.92 | ] |

| Seq | Certificate No | Turkish Custom Entry Number | Turkish Custom Entry Date | Turkish Custom Closing Date | Export Destination | Turkey | HTS Code | Combined Import-Export<br>Barcode: 4075667-01 A-489-844 INV - Investigation -<br>Definition of Good | Quantity (KG) | Value (US$) |
|---|---|---|---|---|---|---|---|---|---|---|
| [ | | | | | | | | | 253.39 | ] |
| [ | | | | | | | | | 861.68 | ] |
| [ | | | | | | | | | 249.29 | ] |
| [ | | | | | | | | | 228.73 | ] |
| [ | | | | | | | | | 246.01 | ] |
| [ | | | | | | | | | 242.91 | ] |
| [ | | | | | | | | | 734.08 | ] |
| [ | | | | | | | | | 176.25 | ] |
| [ | | | | | | | | | 604.33 | ] |
| [ | | | | | | | | | 273.04 | ] |
| [ | | | | | | | | | 85.31 | ] |
| [ | | | | | | | | | 243.22 | ] |
| [ | | | | | | | | | 248.76 | ] |
| [ | | | | | | | | | 751.44 | ] |
| [ | | | | | | | | | 251.78 | ] |
| [ | | | | | | | | | 495.15 | ] |
| [ | | | | | | | | | 250.43 | ] |
| [ | | | | | | | | | 244.50 | ] |
| [ | | | | | | | | | 250.69 | ] |
| [ | | | | | | | | | 246.17 | ] |
| [ | | | | | | | | | 255.61 | ] |
| [ | | | | | | | | | 249.48 | ] |
| [ | | | | | | | | | 250.87 | ] |
| [ | | | | | | | | | 499.32 | ] |
| [ | | | | | | | | | 264.50 | ] |
| [ | | | | | | | | | 95.65 | ] |
| [ | | | | | | | | | 171.71 | ] |
| [ | | | | | | | | | 272.61 | ] |