UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> ALUMINUM ASSOCIATION TRADE ENFORCEMENT WORKING GROUP AND ITS INDIVIDUAL MEMBERS, ET AL., <br><br> Defendant-Intervenors. | Consol. Court No. 21-00616 |

**CONSOLIDATED PLAINTIFFS' COMMENTS ON REMAND REDETERMINATION**

                                                                John M. Herrmann
                                                                Paul C. Rosenthal
                                                                Joshua R. Morey
Kelley Drye & Warren LLP
3050 K Street, N.W., Suite 400
Washington, DC 20007
(202) 342-8400

Counsel to Aluminum Association Trade Enforcement Working Group and its Individual Members, et al.

July 30, 2025

## TABLE OF CONTENTS

**Page**

I.  THE DEPARTMENT'S DETERMINATION TO CONTINUE OFFSETTING ASSAN'S COST OF MANUFACTURE WITH HEDGING-RELATED GAINS IS UNLAWFUL ................................................................ 2

II. CONCLUSION ............................................................................ 7

NONCONFIDENTIAL

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Assan Aluminyum Sanayi ve Ticaret A.S. v. United States,
    701 F. Supp. 3d 1321 (Ct. Int'l Trade 2024) ................................................. 2-3

Assan Aluminyum Sanayi ve Ticaret A.S. v. United States,
    Slip Op. 24-56 (Ct. Int'l Trade May 8, 2024) ................................................ 1, 2

Bonney Forge Corp. v. United States,
    560 F. Supp. 3d 1303 (Ct. Int'l Trade 2022) ................................................. 2-3

Clearon Corp. v. United States,
    Slip Op. 15-91, 2015 Ct. Intl. Trade LEXIS 91
    (Aug. 20, 2015) ............................................................................................. 2-3

Fischer S.A. Comercio, Industria and Agricultura v. United
    States, 38 C.I.T. 775 (2014) ........................................................................... 5-6

Hyundai Heavy Industries Co. v. United States,
    485 F. Supp. 3d 1380 (Ct. Int'l Trade 2020) ..................................................... 6

**Statutes**

19 U.S.C. § 1677b(f)(1)(A) ..................................................................................... 4

19 U.S.C. § 1677f(i)(3)(A) ...................................................................................... 2

NONCONFIDENTIAL

## Other Authorities

Final Results Of Redetermination Pursuant To Court
  Remand: Assan Aluminyum Sanayi ve Ticaret A.S. v.
  United States, Consol. Court No. 21-00616,
  (Dep't Commerce Sept. 5, 2024) (Remand PR 15)
  (ECF No. 75) ("Remand Results") ............................................. *passim*

Phosphor Copper From the Republic of Korea:
  Final Affirmative Determination of Sales at Less Than
  Fair Value and Negative Final Determination of Critical
  Circumstances, 82 Fed. Reg. 12,433 (Dep't Commerce
  Mar. 3, 2017), and accompanying Issues and Decision
  Memorandum (Feb. 27, 2017)........................................................5-6

# Glossary

| Acronym\Abbreviation | Item |
|---|---|
| Assan | Assan Aluminyum Sanayi ve Ticaret A.S. |
| Consolidated Plaintiffs | Aluminum Association Trade Enforcement Working Group and its individual members, Gränges Americas Inc., JW Aluminum Company, and Novelis Corporation |
| Consol. Pls.' Rule 56.2 Mot. J. on the Agency R. (May 23, 2022) | Motion for Judgment on Agency Record 56.2 and Memorandum of Law in Support of Consolidated Plaintiffs (May 23, 2022) |
| Department | U.S. Department of Commerce |
| Remand Order | <u>Assan Aluminyum Sanayi ve Ticaret A.S. v. United States</u>, Slip Op. 24-56 (Ct. Int'l Trade May 8, 2024) (Appx1-39) |
| Remand Results | <u>Final Results Of Redetermination Pursuant To Court Remand: Assan Aluminyum Sanayi ve Ticaret A.S. v. United States</u>, Consol. Court No. 21-00616 (Dep't Commerce Sept. 5, 2024) (Remand PR 15) (ECF No. 75) (Appx126-161) |

# CONSOLIDATED PLAINTIFFS' COMMENTS ON REMAND REDETERMINATION

These comments, filed on behalf of the Aluminum Association Trade Enforcement Working Group and its individual members, Gränges Americas Inc., JW Aluminum Company, and Novelis Corporation (collectively, "Consolidated Plaintiffs"), challenge aspects of the U.S. Department of Commerce's (hereinafter, "the Department") final results of redetermination pursuant to Court remand. See <u>Final Results Of Redetermination Pursuant To Court Remand: Assan Aluminyum Sanayi ve Ticaret A.S. v. United States</u>, Consol. Court No. 21-00616,[1] (Dep't Commerce Sept. 5, 2024) (Remand PR 15)[2] (ECF No. 75) (Appx126-161). While the Department's redetermination concerning the duty drawback issue and the raw material premium issue are lawful, the Department's decision to continue including Assan

---

[1] Slip Op. 24-56 (Ct. Int'l Trade May 8, 2024) (Appx1-39).

[2] Additionally, documents in the administrative record compiled in connection with the Department's original determination are cited based on the Appx number assigned in the joint appendix filed with this Court on June 21, 2023 (ECF No. 53). Documents in administrative record compiled in connection with the Department's remand proceeding are cited based on the Appx number assigned in the remand joint appendix that will be filed with the Court following briefing.

Aluminyum Sanayi ve Ticaret A.S.'s ("Assan") hedging-related gains as an offset to the cost of manufacture is unlawful.

I. **THE DEPARTMENT'S DETERMINATION TO CONTINUE OFFSETTING ASSAN'S COST OF MANUFACTURE WITH HEDGING-RELATED GAINS IS UNLAWFUL**

Both Assan and the Department have conceded that Assan's hedging activities at least partly relate to its sales of finished goods. As the Court noted in the Remand Order, Assan "concedes that its hedging is in some way related to the sales price of its finished goods" and "that it does hedge — at least in part — against the risk imposed by mark-to-market accounting of its raw material inventory." Appx20. Further, Defendant "acknowledge{d} that the record may support the Aluminum Association's view but argues that the record also supports Commerce's view." Appx20.

While Consolidated Plaintiffs raised these concessions in their comments on Commerce's draft remand,[3] the Department's Remand Results do not explicitly address them contrary to 19 U.S.C. § 1677f(i)(3)(A). See Appx 156-160; see also Assan Aluminyum Sanayi ve Ticaret A.S. v. United States, 701 F. Supp. 3d 1321, 1331, 1333 (Ct. Int'l

---

[3] Appx108.

Trade 2024) (remanding in part for Commerce's failure to address two of the Association's "relevant arguments"); Bonney Forge Corp. v. United States, 560 F. Supp. 3d 1303, 1310 (Ct. Int'l Trade 2022) ("The Federal Circuit has thus found that the Court of International Trade properly remanded determinations when Commerce 'fail{ed} to consider all relevant arguments' made by the parties.") (quoting Altx, Inc. v. United States, 370 F.3d 1108, 1119-20 (Fed. Cir. 2004)); Clearon Corp. v. United States, Slip Op. 15-91 at 56-57, 2015 Ct. Intl. Trade LEXIS 91, at *92 (Aug. 20, 2015) ("Arch raised this last point in its comments on the Draft Remand, and it is an argument of cogent materiality that Commerce failed to address, requiring remand for that reason as well.") (citing, e.g., United States v. Nova Scotia Food Products Corp., 568 F.2d 240, 252 (2d Cir. 1977) (stating that "{i}t is not in keeping with the rational {agency} process to leave vital questions, raised by comments which are of cogent materiality, completely unanswered").

Further, Consolidated Plaintiffs' comments on the Department's draft remand redetermination explained "that the net hedging gains should be included in the interest expense calculation because of how the hedging transactions are presented in Assan's cash flow statement."

Appx159 (citing Appx109-110). The Department dismisses this argument because "Assan recorded the net gains on hedging activity that were triggered by its raw material purchases as part of cost of goods sold in its <u>audited income statement</u>." Appx159 (emphasis in original). Because of Assan's treatment of hedging gains on its income statement, the Department claims it must classify those gains as part of the cost of manufacture in order to comply with the statute. See 19 U.S.C. § 1677b(f)(1)(A) (stating that "{c}osts shall normally be calculated based on the records of the exporter or producer of the merchandise" if those records meet certain criteria).

Assan's normal records, however, include both its audited income statement and its audited cash flow statement. The Department has not explained why Assan's audited income statement is more authoritative that Assan's audited cash flow statement. Indeed, as Consolidated Plaintiffs explained, [

]

See Consol. Pls.' Rule 56.2 Mot. J. on the Agency R. at 24-25 (May 23, 2022) (ECF No. 27). [

-4-

]   See Appx85883; see also Appx82694.   [

]   See Appx92075; Appx85910. Thus, the Department's explanation is not supported by substantial evidence and fails to address a key aspect of the problem.

Finally, the Department attempts to distinguish the instant case from Phosphor Copper from Korea[4] and Fischer[5] – two cases in which Commerce classified hedging gains within interest expenses instead of as an offset to the cost of manufacture.  See Appx158; see also Appx109. The Department's analysis of this issue is speculation.  In particular,

---

[4]   See Phosphor Copper From the Republic of Korea: Final Affirmative Determination of Sales at Less Than Fair Value and Negative Final Determination of Critical Circumstances, 82 Fed. Reg. 12,433 (Dep't Commerce Mar. 3, 2017), and accompanying Issues and Decision Memorandum at 11-12 (Comment 2) (Feb. 27, 2017) (the Department explained that because the respondent "incurs gains and losses on derivative transactions," and the respondent "uses copper as the main input in producing the merchandise under consideration," a material that "is a commodity metal traded on the London Metal Exchange (LME)," it "is reasonable to include the full amount of such gains and losses in {the respondent's} financial expense rate calculations").

[5]   See Fischer S.A. Comercio, Industria and Agricultura v. United States, 38 C.I.T. 775, 784-87 (2014) (hereinafter, "Fischer") (upholding the Department's determination that "including all incurred hedging losses in Fisher's financial expense ratio accurately depicted 'how the entity as a whole manages its overall foreign currency exposure and risk associated with interest rate variations'") (citation omitted).

the Department states: "the gains and losses on derivatives at issue in Phosphor Copper from Korea and the hedging losses at issue in Fischer would have been likely recorded in each respondent's income statement as part of interest expense, instead of cost of manufacturing . . . ." Appx158. The Department, however, "may not base its decision on speculation." See Hyundai Heavy Industries Co. v. United States, 485 F. Supp. 3d 1380, 1399 (Ct. Int'l Trade 2020) (citing Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1327 (Fed. Cir. 2009)).

Further, the Department contends that Fischer concerned "amounts for 'unrealized' hedging gains and losses" and "{t}he terms 'unrealized' or 'realized' when referring to various income or expense items are not associated with the cost of goods sold line item on an income statement." Appx159. The very hedging gains at issue in this action, however, involve these same terms. For example, Assan's hedging gains include the balance of accounts [

], which record "the profit or loss from realized positions from concluded hedging related transaction." Appx87808 (emphasis added). Indeed, the names of the some of the account at issue here include the term "realized" – e.g., "RM hedge/profit loss realized (metal

-6-

premium) – account **[            ]**" and "metal hedge profit/loss realized – account **[            ]**." Id. (emphasis added).

## II. **CONCLUSION**

For the reasons discussed above, the Court should remand this issue and instruct the Department to include hedging gains within its calculation of Assan's interest expense ratio.

                          Respectfully submitted,

                          /s/ John M. Herrmann
                          JOHN M. HERRMANN
                          PAUL C. ROSENTHAL
                          JOSHUA R. MOREY
                          KELLEY DRYE & WARREN LLP
                          3050 K Street, N.W., Suite 400
                          Washington, D.C.  20007
                          (202) 342-8400
                          jherrmann@kelleydrye.com
                          prosenthal@kelleydrye.com
                          jmorey@kelleydrye.com

                          Counsel to Consolidated Plaintiffs

Dated:  July 30, 2025

CERTIFICATE OF COMPLIANCE
WITH COURT OF INTERNATIONAL TRADE
STANDARD CHAMBERS PROCEDURES

Pursuant to the Court of International Trade Standard Chambers procedures, counsel for the Aluminum Association Trade Enforcement Working Group and its individual members, Gränges Americas Inc., JW Aluminum Company, and Novelis Corporation (collectively, "Consolidated Plaintiffs") certifies that Consolidated Plaintiffs' Comments on Remand Redetermination contain <u>1300</u> words, including footnotes. The word count certification is made in reliance on the word-count feature contained in Microsoft 365 – Enterprise.

                                                     Respectfully submitted,

                                           <u>/s/ John M. Herrmann</u>
                                           JOHN M. HERRMANN
                                           PAUL C. ROSENTHAL
                                           JOSHUA R. MOREY
                                           KELLEY DRYE & WARREN LLP
                                           3050 K Street, N.W., Suite 400
                                           Washington, D.C.  20007
                                           (202) 342-8400
                                           prosenthal@kelleydrye.com
                                           jherrmann@kelleydrye.com
                                           jmorey@kelleydrye.com

                                           Counsel to Consolidated Plaintiffs

Dated:  July 30, 2025